UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
SEP 13 2013
CLERK

******************************************************************************

| | | |
|---|---|---|
| LUTHER A. EVERSON, | * | CIV 12-4114 |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER |
| CAROLYN W. COLVIN[1], Commissioner of Social Security, | * | |
| Defendant. | * | |

******************************************************************************

This Court referred the case to United States Magistrate Judge John E. Simko for the purpose of issuing a Report and Recommendation. The Magistrate Judge has recommended that the Commissioner's denial of benefits be reversed and remanded for further administrative proceedings, pursuant to 42 U.S.C. § 405(g), sentence four.

Defendant has objected to the Report and Recommendation of Magistrate Judge Simko. The Objections are denied and the case is reversed and remanded as a sentence four remand for reconsideration.

The facts of the case are set forth in the Report and Recommendation and are adopted for this Order.

Defendant claims that the decision of the Administrative Law Judge (ALJ) adequately demonstrated that she considered all of the record evidence in assessing Everson's functional limitations. Defendant claims in essence that the Report and Recommendation places form over substance. The Court views the argument to really be that there is enough evidence to support the

---

[1]Carolyn W. Colvin became the acting Commissioner of Social Security on February 14, 2013.

conclusion of denial so that given all the evidence, even if the evidence was not fully analyzed in the written opinion of the ALJ, the conclusion should be sustained anyway. The Court recognizes that in this appeal it is not a question of the Court reweighing the evidence. The Court must, however, be able to determine from the ALJ's decision which claimed medical impairments were determined to be established, the severity of those impairments, and the link between those impairments and the resulting Residual Functioning Capacity (RFC), given the importance of the RFC to the ultimate determination of the claim.

Aside from the question of whether or not *Pimentel v. Astrue*, No. 11-cv-8240, 2013 WL 93173, at *6-7 (N.D. Ill. Jan. 8, 2013)(unpublished) is a apposite or not, the ALJ's articulation of the formulation of the RJC must be sufficient. *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982). This Court's independent review of the ALJ opinion and the record causes the Court to reach the conclusion that the formulation of the RFC is not adequate for this Court to properly review this step-four inquiry. There may be adequate evidence with proper nexus to ultimately warrant and sustain either a denial or an allowance of benefits, but that will have to be determined on rehearing.

With regard to the rehearing, the Court agrees that the ALJ was correct in not identifying Plaintiff's hearing loss as a medically determinable impairment.

This case illustrates the problems of heavy reliance in some cases upon the opinions of non-treating, non-examining physicians. In fact, Dr. Astrue, a non-treating, non-examining physician, opined that Plaintiff could continue to work in his previous occupation as a barber (AR 111), a conclusion that was rejected by the ALJ.. The ALJ then fashioned a light duty capacity with limitations for the Plaintiff. There was inadequate basis for those limitations which apparently were formulated by the ALJ without underlying medical evidence.

Where as here a *pro-se* Plaintiff, unlearned in the law, presents claims of numerous and substantial physical and psychological difficulties that do appear to prevent Plaintiff from pursuing his post relevant work and possibly any employment, it would be helpful to the record to have an

independent medical or psychological examination if the evidence of record is not fully and fairly developed. *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000).

IT IS ORDERED:

1. That the Report and Recommendation, Doc. 19, is ADOPTED by the Court.

2. That the Commissioner's decision is REVERSED under sentence four of 42 U.S.C. § 405(g) and the case is REMANDED to the Commissioner for further proceedings.

Dated this 13th day of September, 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:_____
DEPUTY